IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 3:22-cv-00055 |
| v. | District Judge Crenshaw |
| DAVID J.C. BOLTON, | Magistrate Judge Holmes |
| Defendant. | JURY DEMAND |

### PROTECTIVE ORDER[1]

Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order to ensure <u>for discovery purposes what the parties contend is</u> the confidentiality of certain non-public and sensitive personal information disclosed during discovery in this action.

1.  As used in this Protective Order, the term "Sensitive Personal Information" shall mean any documents or other information containing any one or more of the following categories of personal and private documents or information: (a) a social security or tax identification number; (b) individuals' or entities' financial account statements, including statements for any bank account, credit card account, brokerage account, mortgage, student loan, or other loan; (c) any financial account number, including for a bank account, credit card

---

[1] The Court's substantive modifications to the parties' agreed protective order are delineated by striking through deleted language, if any, and underlining added language.

account, brokerage account, mortgage, student loan, or other loan; (d) tax returns; (e) the home address and phone number of any individual person; (f) the birth date of any individual person; (g) the name of any individual person who, at the time of the filing of the Complaint in this action, was known to be less than 18 years old; or (h) medical information.  <u>Designation of materials as containing Sensitive Personal Information shall not be construed as a determination by the Court or treated as binding on the Court for any purposes, including whether to restrict public access to such information if offered or made part of the record in this action.</u>

2. Sensitive Personal Information disclosed to any party to this action or its counsel (collectively, the "Parties") during the course of this action:

    a. Shall be used by the Parties only for purposes of this action;

    b. Shall not be used by the Parties for any business or commercial purpose;

    c. Shall not be published to the public in any form by the Parties except as permitted below;

    d. May be disclosed only to the following persons, on an as needed basis in the course of the litigation, with reasonable precautions taken to insure the confidentiality of the information:

        i. A Party;

        ii. Employees or contractors of any law firm that represents a Party, including attorneys as well as secretarial, clerical, paralegal, legal or student personnel and any person or entity with whom a Party contracts to reproduce or manage documents;

        iii. Non-party witnesses;

        iv. A document's author(s), recipient(s), and/or copyee(s);

    v.  Current and former employees of the producing Party or non-party;

    vi.  Independent (non-employee) consultants, expert witnesses, or advisors retained by any of the Parties in connection with this action;

    vii.  Court reporters or stenographers engaged to record deposition, hearing, or trial testimony, and their employees; and

    viii.  Such other persons as hereafter may be authorized by either (1) written consent of all the Parties, (2) the original producing Party or non-party, or (3) the Court upon motion of either Party.

  3.  A copy of this Protective Order shall be delivered to each of the named Parties or persons within paragraph 2.d above to whom a disclosure of Sensitive Personal Information is made, at or before the time of disclosure, by the Party making the disclosure. The provisions of this Protective Order shall be binding upon each such party or person to whom disclosure is made.

  4.  The provisions of this Protective Order shall not be construed as preventing:

    a.  Any disclosure of Sensitive Personal Information to any Party;

    b.  Any disclosure of Sensitive Personal Information to any judge, magistrate judge, or employee of this Court for any purpose in connection with this action;

    c.  Any disclosure of Sensitive Personal Information for the purpose of enforcement of the criminal law or as otherwise required by law.

  5.  All Sensitive Personal Information that is filed with the Court shall be redacted in accordance with Federal Rule of Civil Procedure 5.2(a). If a Party wishes to submit Sensitive

Personal Information in unredacted form in any filing with the Court, the Party must file a motion for leave to file the document under seal in accordance with Local Rule 5.03.

6. This Protective Order shall not:

    a. Operate as an admission by any Party that any particular discovery material contains Sensitive Personal Information;

    b. Prejudice in any way the right of a Party to seek a Court determination of whether such material should be subject to the terms of this Protective Order;

    c. Prevent a Party or Non-party's disclosure of its own Sensitive Personal Information; or

    d. Prejudice in any way the right of any Party to apply to the Court for a further protective order relating to any other confidential information or Sensitive Personal Information.

    e. <u>Operate as a determination by the Court or be binding on the Court for any purposes, including whether to restrict public access to such information if offered or made part of the record in this action.</u>

7. Nothing in this Order shall preclude the Parties from offering Sensitive Personal Information into evidence at the trial of this action or in any other proceeding in this action, subject to the restrictions of Federal Rule of Civil Procedure 5.2, Local Rule 5.03, and Paragraph 5 above.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge