UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

U.S. SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

  v.

DAVID J.C. BOLTON,

        Defendant.

Case No. 3:22-cv-00055

Chief Judge Crenshaw

Magistrate Judge Holmes

## SUPPLEMENTAL PROTECTIVE ORDER[1]

It appearing <u>from the parties' submission of a proposed supplemental protective order</u> (Docket No. 30) that discovery produced to Plaintiff Securities and Exchange Commission ("SEC") by third party Lynne Ingram ("Ingram") in the above-captioned action is likely to involve the disclosure of highly sensitive personal information, it is ORDERED as follows:

    1. The Stipulation, attached hereto as Exhibit A, and this Supplemental Protective Order ("Order") hereby amend the Protective Order entered by the Court on May 17, 2022 [ECF No. 22].

    2. All documents produced by Ingram to the SEC (SEC-IngramL-E-0000001 to SEC-IngramL-E-0148936) shall be designated as "Attorneys' Eyes Only" as provided herein.

    3. All "Attorneys' Eyes Only" material shall be used by the parties to this litigation (the "Parties") for purposes of the litigation of this action, and shall not be used for any business, commercial, competitive, personal or other purpose, and shall not be disclosed to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court. It is, however, understood that counsel for the Parties may give advice and opinions to their clients solely relating to the

---

[1] The Court's modifications to the parties' agreed supplemental protective order are delineated by striking through deleted language (if any) and underlining added language.

1

above-captioned action based on their evaluation of "Attorneys' Eyes Only" material, provided that such advice and opinions shall not reveal the content of such "Attorneys' Eyes Only" material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Material produced and marked as "Attorneys' Eyes Only" may be disclosed only to counsel for the Parties (including, as necessary and appropriate for the litigation of this action, staff and third parties employed by the SEC and staff employed by counsel for Defendant who are under counsel's direct supervision and control).

5. If any Party objects to any Attorneys' Eyes Only designation, the following procedure shall apply:

   a. Counsel for the objecting Party shall serve on all other counsel that are signatories to the Stipulation ("Undersigned Counsel") a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Undersigned Counsel shall respond in writing to such objection within 7 days, and shall state with particularity the grounds for asserting that the document or information is properly designated as Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If a timely response to such objection is made, Undersigned Counsel shall confer in good faith in an effort to resolve the dispute.

   b. If a dispute as to an Attorneys' Eyes Only designation cannot be resolved by agreement, the proponent of the challenged designation shall present the dispute to the Court, initially by letter served upon all Undersigned Counsel, regarding the challenged designation <u>and then by compliance with the discovery dispute resolution procedures already in effect in this case</u>.

6. If the need arises during trial or at any hearing before the Court for any Party to disclose Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

7. The Stipulation and Supplemental Protective Order shall survive any termination and/or change in Defendant's counsel in this action, and any termination of this action, and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

8. Upon conclusion of this litigation, including the exhaustion of all appeals and the conclusion of all related proceedings, counsel for Defendant shall, within sixty days, destroy, or assemble and return to counsel to Ingram, as the Parties shall agree, all originals and unmarked copies of documents and things containing Attorneys' Eyes Only material, all copies of Attorneys' Eyes Only material that contain and/or constitute attorney work product, as well as excerpts, summaries and digests revealing Attorneys' Eyes Only material; provided, however,

that counsel for Defendant may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto for archival purposes, subject to all provisions of this Order.

<u>9. Nothing in this Order or in the designation of the subject information as Attorneys' Eyes Only shall be construed as a determination by or otherwise binding on the Court for any purpose, including whether to restrict access to the subject information if offered as part of the record in this case.</u>

**SO ORDERED.**

_____
**BARBARA D. HOLMES**
**United States Magistrate Judge**