IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| UNITED STATES SECURITIES AND ) <br> EXCHANGE COMMISSION ) <br> ) <br> v. ) <br> ) <br> DAVID J.C. BOLTON ) | Case No. 3:22-cv-0055 <br> Chief Judge Crenshaw <br> Magistrate Judge Holmes |

## MEMORANDUM ORDER

For the reasons discussed below, the motion to compel discovery filed by Plaintiff United States Securities and Exchange Commission ("Plaintiff" or the "SEC") (Docket No. 46) is GRANTED to the extent provided herein. Default is entered against Defendant David J.C. Bolton. The SEC may proceed with an appropriate request for default judgment under Fed. R. Civ. P. 55(b)(2).[1]

### Background and Procedural History[2]

This action was brought by the SEC pursuant to Section 20(b) of the Securities Act of 1933, 15 U.S.C. § 77t(b) (the "Securities Act"), and Section 21(d) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78u(d) and 78u-1 (the "Exchange Act") to enjoin the transactions, acts, practices, and courses of business, and federal securities law violations alleged against Bolton and to seek orders of disgorgement, civil money penalties, and other relief. (Docket No. 1.) Essentially, the SEC alleges that Bolton falsely marketed to investors a company that he formed to launch exchange-traded funds ("ETFs") and that he fraudulently diverted investor funds to himself in amounts that grossly exceeded his salary. (*Id*.)

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.
[2] Familiarity with this case is presumed and only those facts and procedural history necessary to give context to or explanation of the Court's ruling are recited.

Bolton was originally represented by counsel and answered the complaint. (Docket No. 12.) Following an initial case management conference, a scheduling order was entered that set deadlines for discovery and other case management events. (Docket No. 23.)[3] Disagreement about discovery ensued early in this case. During a pending discovery dispute about the sufficiency of Bolton's discovery responses (*see* Docket No. 36), Bolton's counsel moved to withdraw for nonpayment. (Docket No. 38.) Following a discovery conference, the Court entered an order, on December 7, 2022, permitting Bolton's counsel to withdraw and directing Bolton to appear for his scheduled deposition on January 11, 2023. (Docket No. 45.) Bolton was cautioned that if he elected to proceed *pro se*, the leniency afforded to him was not without limits and he would not be permitted to disregard the rules of procedure or to ignore the Court's orders. (*Id*. at 2.) Additionally, Bolton was expressly warned that failing to comply with the rules of procedure and the Court's orders could result in any of the remedies authorized by Rule 16(f), which were described in detail and included default judgment. (*Id*.)

Bolton was also put on notice that failure to appear for his deposition could result in imposition of sanctions under Rule 16(f) and Rule 37(b)(2)(A). (*Id*. at 2.) In that same order, the SEC was allowed to file a motion to compel as to any remaining discovery deficiencies, and Bolton was warned that failure to respond to the motion to compel could also result in sanctions authorized by Rule 16(f) and Rule 37(b)(2)(A). (*Id*. at 3.) Bolton was ordered to communicate with the SEC regarding the prospect for resolution of this case and yet again cautioned that his failure to do so could result in Rule 16(f) sanctions, including entry of default judgment against him. (*Id*. at 3-4.)

On December 16, 2022, the SEC filed a motion to compel discovery. (Docket No. 46.) Bolton did not respond as directed. Bolton appeared for his deposition, but he arrived more than

---

[3] An earlier case management order entered by the District Judge originally assigned to the case (Docket No. 15) was vacated upon that Judge's recusal. (Docket Nos. 16 and 17.)

four (4) hours late, left after testifying for only an hour and then failed to appear for his continued deposition as agreed. (Docket No. 53.) Bolton also failed to communicate with the SEC about possible settlement of this case. (Docket No. 54.)

On January 30, 2023, the Court issued an order for Bolton to show cause why default judgment should not be entered against him for his continued failure to defend this litigation. (Docket No. 56.) Bolton failed to respond by the February 13, 2023 show cause deadline.

## Legal Standards and Analysis

Entry of default under Rule 55(a) may be made by either the clerk of court or a judge. *McGinnis v. Rentech Sols., Inc.*, No. 2:LL-CV-00670, 2012 WL 1537611, at *1 (S.D. Ohio May 1, 2021) (citing *Dassault Systems, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011)); *see also Dow Corning v. Jie Xiao*, No. 11-10008, 2013 WL 4039371, at *5 (E.D. Mich. Aug. 7, 2013) ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so.") (quoting 10A Charles Allan Wright et al., FEDERAL PRACTICE & PROCEDURE § 2682 (3d ed.1998)).[4] Entry of default is a nondispositive matter that may be directed by an order of a magistrate judge. *Willen v. Norfolk S. Ry. Co.*, No. 3:04-CV-116-S, 2006 WL 2632078, at *2 (W.D. Ky. Sept. 13, 2006). *See also United States v. Scherer*, No. 2:14-CV-0452, 2016 WL 1047139, at *2 (S.D. Ohio Mar. 16, 2016) (treating entry of default by Magistrate Judge as nondispositive).

Rule 55(a) provides authority for the court to enter default against a defendant who does not "otherwise defend." The language of Rule 55(a) is unambiguous. A default may be entered against a party either for failing to plead or for failing to "otherwise defend." Although the Sixth

---

[4] In determining that Rule 55(a) does not limit the authority of the court to enter default, the *Dow Corning* court cautioned, *id.*, quoting Judge Learned Hand, "There is no surer way to misread any document than to read it literally." *Guiseppi v. Walling*, 144 F.2d 608, 624 (2d Cir. 1944 (Hand, J. concurring). As noted in *Dow Corning*, "Rule 55(a) is one such document." 2013 WL 4039371, at *5.

Circuit has not spoken definitively on the issue of whether default can be entered against a party who has answered, the majority of circuits considering that question have broadly construed Rule 55(a) to allow imposition of default against an answering party for later inaction that evinces a failure to defend. *See, e.g., City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2nd Cir. 2011) (collection of cases).[5] Under the plain language of Rule 55(a), entry of default against Bolton is warranted because there can be no disagreement that he has failed to "otherwise defend" this case.

Further, courts have long had the inherent authority to enter default as a sanction against a disobedient defendant. *See, e.g., Smith v. Comm'r*, 926 F.2d 1470, 1475 (6th Cir. 1991) ("It is well established that courts have inherent power to dismiss and/or enter default when a party disobeys a court order or otherwise interferes with the efficient administration of justice.") While Bolton is allowed some leniency because he is currently unrepresented by counsel, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Kirby v. Memphis Security Co.*, No. 1:01-CV-151, 2003 WL 22509412, at *5 (E.D. Tenn. Nov. 5, 2003) (citations omitted). Being an unrepresented litigant does not permit Bolton to simply ignore "clearly communicated court orders and … litigate this case on terms of his own choosing." *Cunningham v. Enagic USA, Inc.*, No. 3:15-847, 2016 WL 5415106 at *1 (M.D. Tenn. Sept. 28, 2016) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)); *see also West v. Adecco Employment Agency*, 124 F. App'x 991, 992 (6th Cir. 2005) ("Courts have refused to excuse *pro se* litigants who failed to follow basic procedural requirements such as meeting 'readily

---

[5] In at least one case, the Sixth Circuit discussed both possibilities, citing authority for the proposition that the phrase "otherwise defend" in Rule 55(a) "refers to defenses and objections available to a defendant by motion prior to filing an answer," and authority for the proposition that "failure to defend" as used in Rule 55(a) is "the reverse side of 'failure to prosecute' as used in Fed. R. Civ. P. 41." *Smith v. Commissioner of Internal Revenue*, 926 F.2d 1470, 1478 (6th Cir.1991). In *Smith,* however, it was unnecessary for the Court to decide which construction was correct.

comprehended' court filing deadlines.") Bolton was repeatedly warned – to no avail – that his continued failure to comply with the Court's orders would result in sanctions, including imposition of default judgment against him. Entry of default for Bolton's consistent disregard for the Court's orders is warranted as a sanction under the Court's inherent authority.

Regardless of the Court's inherent authority and the scope of Rule 55(a), default is an appropriate sanction under Rule 16(f) and Rule 37 for Bolton's conduct in failing to cooperate in discovery and failing to comply with the Court's direct and plain instructions. Rule 16(f) authorizes courts to issue orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), for a party's failure to obey a scheduling or other pretrial order. Fed. R. Civ. 16(f)(1)(C). Rule 37(b)(2)(A) lists several potential sanctions for discovery abuses, including the option of entering default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi). Rule 37(d)(3) also permits imposition of default judgment as a sanction for a party's failure to appear for a deposition or to answer discovery.

In determining the scope of an appropriate sanction under Rule 37 (and by extension, Rule 16(f)), the Sixth Circuit has directed district courts to consider: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary has been prejudiced; (3) whether the disobedient party was warned that failure to cooperate could lead to the sanction; and, (4) whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir.1997). "Willfulness, bad faith, or fault" can only be found where the party to be sanctioned has displayed "an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 737 (6th Cir. 2008) (internal quotation omitted). However, even though admittedly drastic, a district court may properly impose default as a

sanction when a party has the ability to comply with a discovery order and does not. *Stooksbury v. Ross*, 528 F. App'x 547, 552 (6th Cir. 2013) (internal citations omitted).

All the requisite considerations compel entry of default against Bolton here. The Court has no hesitancy in finding that Bolton is at fault in failing to cooperate in discovery and to otherwise follow the Court's directives, including to show cause why default and default judgment should not be entered against him, and that such failures are willful and in bad faith. Bolton was given multiple opportunities and ample time to demonstrate his willingness to properly defend this case. That he has not done so despite repeated warnings of the consequences demonstrates a willful intent to thwart this action and a reckless disregard for the effect on the SEC and the Court, which has resulted in unnecessary expenditures of time and resources of the SEC and of the Court's already limited judicial resources. This first consideration therefore supports entry of default judgment against Bolton.

Entry of default – and, ultimately imposition of default judgment – against Bolton is likewise warranted by the other considerations as well. There is substantial prejudice to the SEC from Bolton's actions because the SEC cannot proceed with necessary discovery, cannot attempt to resolve this case, and cannot otherwise prepare this case for trial due to Bolton's intentional failure to comply with his responsibilities as a litigant and his intentional disregard for the Court's directives. By his failure to respond, Bolton has offered no evidence that he is unable to comply with his discovery obligations. In fact, Bolton did appear briefly for a deposition, but did so tardily and then failed to return to complete his testimony. Bolton was repeatedly warned that his failure to cooperate in discovery and to follow the Court's directives could result in default judgment against him. Bolton was additionally given an explicit opportunity to show cause for some less drastic alternative, which he completely ignored. Given Bolton's blatant lack of response to the

Court's warnings and the unambiguous directive to show cause for why default judgment should not be entered against him, the Court is convinced that less drastic alternatives would not result in any other outcome.

## Conclusion

For all these reasons, default is entered against Defendant David J.C. Bolton. The SEC may proceed with an appropriate request for default judgment under Fed. R. Civ. P. 55(b)(2).[6]

Further, the Clerk is directed to send a copy of this Order to Defendant David J.C. Bolton by first class mail and a copy by email at the addresses provided in the Court's order of January 30, 2023. (Docket No. 56.)

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[6] The SEC is reminded of its responsibility to ensure that this case proceeds expeditiously to disposition, including by promptly seeking a default judgment. The Court does not intend to provide further reminders to the SEC and will simply caution that failure to timely proceed with necessary action to dispose of this action may result in adverse consequences. *See* Fed. R. Civ. P. 16(f).